ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-May-24  15:11:37
60CV-19-3656
C06D02 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY
## CIVIL DIVISION

**SHAWN SPRIGGS**                                                          **PLAINTIFF**

**VS.**                                   **NO. _____**

**SYLVESTER MILLER and**
**CHURCH TRANSPORTATION**                                    **DEFENDANTS**
**& LOGISTICS, INC.**

### COMPLAINT

COMES NOW the Plaintiff, Shawn L. Spriggs, by and through his attorneys, RAINWATER,

HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the

following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Shawn L. Spriggs was at the time of the collision, a resident of Jacksonville,

Pulaski County, Arkansas. Plaintiff currently resides in McKinney, Collin County, Texas.

2.      Upon information and belief, Defendant Sylvester Miller (hereinafter "Defendant

Miller") was at all times relevant a resident of Bonifay, Holmes County, Florida.

3.      Upon information and belief, Defendant Church Transportation & Logistics

(hereinafter "Defendant Church") is a foreign corporation company that is not registered to do

business in the State of Arkansas.

4.      The incident giving rise to this cause of action occurred on Frontage Road, Little

Rock, Pulaski County, Arkansas.

### II. JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which

provides that circuit courts shall have original jurisdiction of all actions and proceedings for the

redress of civil grievances except where exclusive jurisdiction is given to other courts.

**EXHIBIT 1**

6.      Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III. BASIC PREMISE

7.      This is a negligence case which arises from a motor vehicle collision that occurred on January 7, 2019 on Frontage Road, Little Rock, Pulaski County, Arkansas.

### IV. FACTS

8.      On or about January 7, 2019, at approximately 6:30 AM, Plaintiff was driving north in the right hand lane, on Frontage Road in a 2015 Freightliner tractor-trailer.

9.      At the same time, Defendant was traveling north in the left hand lane, beside Plaintiff in the right lane, on Frontage Road, next to Plaintiffs vehicle, in a 2016 Freightliner.

10.      Defendant Miller attempted to change lanes by moving into the right lane, which was already established and occupied by Plaintiff's vehicle.

11.      Suddenly and without warning, Defendant Miller's vehicle struck Plaintiffs vehicle.

12.      Defendant Miller was issued a citation for Improper Lane Change.

13.      Upon information and belief, Defendant Miller was an employee and agent of Defendant Church.

14.      Upon information and Belief, Defendant Miller was acting in the course and scope of his employment at the time of the collision.

15.      As a result of the collision, Mr. Spriggs sustained severe personal injuries and damages.

16.      Defendant Miller failed to keep a proper lookout.

17.      Defendant Miller knew, or should have known that his inattentiveness and blatant disregard for the safety of others, while receiving pay as a professional driver, would likely result in severe injuries to others from which malice can be inferred.

### V. CAUSE OF ACTION ONE - NEGLIGENCE-DEFENDANT MILLER

2

18.     All of the allegations previously plead herein are re-alleged as though stated word-

for-word.

19.     Defendant Miller was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)     Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g)     Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h)     Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i)     Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j)     Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k)     Otherwise failing to exercise ordinary care under the circumstances.

## VI. CAUSE OF ACTION NO. TWO - VICARIOUS LIABILITY OF DEFENDANT CHURCH TRANSPORTATION & LOGISTICS

20.     The negligent acts and omissions of Defendant Miller are imputed to Defendant

Church as a matter of law and pursuant to the vicarious liability laws in the State of Arkansas.

21.     Defendant Church is responsible and liable for the negligence of its employee/agent,

Defendant Miller, under the legal doctrines of joint enterprise, respondeat superior, and/or the

principles of agency as adopted in the State of Arkansas and Federal Courts.

## VII.  CAUSE OF ACTION NO. THREE - NEGLIGENT HIRING OR SUPERVISION OF DEFENDANT CHURCH TRANSPORTATION & LOGISTICS

22.     Upon information and belief, Defendant Church, negligently hired or supervised Defendant Miller, and failed to properly train and/or supervise Defendant Miller on the risks and dangers of avoiding other vehicles.

23.     Upon information and belief, Defendant Church, negligently hired or supervised Defendant Miller, and failed to properly train and/or supervise Defendant Miller on the risks and dangers of not maintaining a proper lookout when driving.

24.     Upon information and belief, Defendant Church, negligently hired or supervised Defendant Miller, and failed to properly train and/or supervise Defendant Miller on the risks and dangers of driving in a manner that is inattentive and such inattention is not reasonable and prudent in maintaining vehicular control.

25.     Upon information and belief, Defendant Church knew or in the exercise of reasonable care, should have known that Defendant Miller presented a risk of danger to other drivers and the public in general.

## VIII.  PROXIMATE CAUSATION

26.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

27.     The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX.  INJURIES AND COMPENSATORY DAMAGES

28.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

29.     Plaintiff sustained personal injuries and damages as a result of the collision.

30.     Plaintiff is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of his injuries;

4

.

(b)    the full extent of the injuries he sustained;

(c)    the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

(f)    the visible results of his injuries; and,

(g)    any property damages he sustained.

31.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X. DEMAND FOR JURY TRIAL

32.    Plaintiff hereby demands a trial by jury.

## XI. DEMAND & PRAYER

33.    The Plaintiff demands judgment against the Defendant for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

34.    The Plaintiff demands judgment against the Defendant for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which he may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:    /s/ Robert L. Beard
        Robert L. Beard (Ark. Bar No. 2002109)
        RAINWATER, HOLT & SEXTON, P.A.
        P.O. Box 17250
        Little Rock, AR  72222
        Telephone:   (501) 868-2500
        Telefax:      (501) 868-2508